THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT EASTLAND, Defendant-Appellant.

(No. 71-227;

Second District—August 31, 1972.

Matthew J. Moran, of Defender Project, of Chicago, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (Benedict J. Ori, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was indicted and convicted for the unlawful sale of 1.8 grams of heroin on December 14th, 1967. He appeals from his conviction and the sentence of 10-12 years in the penitentiary imposed.

Principally relied upon for reversal are the denial of a motion for mistrial based on allegedly illegally seized evidence coming to the attention of the jury, although later excluded; and the refusal of a challenge to the array. We do not find a basis for reversal in the record. The defendant was arrested approximately eight days after a controlled purchase of the heroin by a narcotics agent. At the police station defendant's wallet, containing a paper with the agent's telephone number and his undercover name (State's Exhibit 7), was taken from him. At trial, the defendant objected to the agent's testimony as to the items taken on the grounds of remoteness and lack of foundation. He also questioned whether there was an arrest warrant and whether defendant was advised of his rights. The court permitted the witness to proceed with his testimony with the understanding that the State would "connect it up". When Exhibit 7 was offered into evidence defendant's counsel asked the court to reserve its ruling until subsequent argument. The court complied. After cross-examination and re-direct examination of the witness, defense counsel objected on the basis that there was no evidence that the defendant was arrested on a warrant. The court indicated, in the argument in chambers at the close of the day's proceedings, that it would overrule the objection. But the next morning, before the proceedings began in the jury's presence, the court excluded the evidence on the basis that the State had made no showing that the arrest was a proper one or that a search warrant had been issued. The jury was then instructed to disregard the testimony about the excluded item.

■■ We do not consider the State's argument that the item was admissible as evidence seized upon arrest for probable cause. For we agree that, in any event, the error, if any, was harmless beyond a reasonable doubt under all of the circumstances. (*Chapman v. California* (1967), 386 U.S. 18, 24, 17 L.Ed.2d 705, 711; *Harrington v. California* (1969), 395 U.S. 250, 254, 23 L.Ed.2d 284, 288.) The evidence did not establish an element of the crime of sale of heroin. It was merely corroborative of other details of the transaction. There was other testimony that calls were made to the agent by defendant. In fact, defendant sought to explain that the transaction and the calls concerned the obtaining of

women. The exhibit was not given to the jury and the jury was instructed to disregard the testimony related to the items found. The factual situation distinguishes this case from *People v. Hal* (1962), 25 Ill.2d 577, cited by the defendant. There, the court found the evidence to be extremely close in a trial in which a confession was discussed before a jury and then excluded, and in which the jury assessed both the guilt and the very severe penalty.

■■ There also was no error in the court's refusal to allow defendant's challenge to the array without a hearing. Defendant alleged only that no Negroes had appeared on any of the four jury panels in cases tried by defense counsel. This is far short of the requirement that a defendant must allege the intentional exclusion of any identifiable group in the community which may be the subject of prejudice, or purposeful discrimination against a certain group. *Swain v. Alabama* (1964), 380 U.S. 202, 227, 13 L.Ed.2d 759, 776; *People v. Fort* (1971), (Ill.App.), 273 N.E.2d 439, 445.

■■ We, therefore, affirm the judgment of conviction.

An alternative motion has been made for sentence reduction within the scope of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, secs. 1100, *et seq.*); and the State has agreed that the cause should be remanded to consider this issue.

The sentence is therefore vacated and the cause remanded to the trial court with directions to proceed under the Illinois Controlled Substances Act.

Judgment of conviction affirmed; cause remanded with directions.

T. MORAN and GUILD, JJ., concur.